IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-135-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| CHAD TERRELL MCNEILL, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion under 28 U.S.C. § 1651(a) to vacate his judgment of conviction and dismiss the indictment (DE 52), on the basis that defendant is actually innocent of his offense of conviction in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The government has filed a response waiving procedural defenses, conceding that petitioner's motion has merit, and asking the court to vacate the judgment of conviction and dismiss the indictment.

## BACKGROUND

Indictment filed April 22, 2004, charged defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924. Petitioner pleaded guilty without a plea agreement on September 21, 2004. The court sentenced petitioner on February 23, 2005, to a term of 51 months' imprisonment, followed by a three-year term of supervised release. Petitioner served his sentence, term of supervised release, and additional 18 month term upon revocation of supervised release. Defendant filed the instant motion to vacate under 28 U.S.C. § 1651(a), on October 17, 2016, and the government filed its response on December 5, 2016.

## COURT'S DISCUSSION

Under 28 U.S.C. § 1651(a), "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Fourth Circuit has applied § 1651(a) as a basis for the court's jurisdiction in a criminal matter to "allow[] the granting of a writ of error coram nobis in light of a retroactive dispositive change in the law." United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). "An error of the most fundamental character must have occurred to warrant issuing the writ, and no other remedy may be available," such as where defendants "have served their sentences[,] . . . appealed their cases at each stage of the proceeding[, and] [t]hey have no other remedy available other than a writ of error coram nobis." Id. The writ of coram nobis may apply where the court "improperly allowed petitioners' convictions for acts which are not within the reach of the . . . statute of conviction." Id.

Here, all the aforementioned conditions for application of § 1651(a) and the writ of error coram nobis are present. Where defendant has served his sentence and supervised release, no other remedy, such as writ of habeas corpus, is available for the relief sought. In addition, defendant was convicted for acts which are not within the reach of the statute of conviction, a determination based upon a "retroactive dispositive change in the law," in light of Simmons. See Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013) ("Simmons altered the class of persons that the law punishes, and announced a substantive rule that is retroactively applicable."). As the government concedes, petitioner's prior conviction for sale and delivery of marijuana is no longer a felony for purposes of a conviction under 18 U.S.C. § 922(g) because it was punishable by less than one year imprisonment. (See DE 52-1). Accordingly, pursuant to § 1651, where the government waives any

2

procedural defenses and concedes the merits of defendant's motion, the court must vacate defendant's conviction and dismiss the indictment.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to vacate under 28 U.S.C. § 1651(a). Defendant's February 23, 2005, judgment of conviction is VACATED, and the indictment filed April 22, 2004, is DISMISSED.

SO ORDERED, this the 7th day of December, 2016.

                                          LOUISE W. FLANAGAN
                                          United States District Judge